MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2716
Fax No. (212) 637-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES E. SULTON, III,

                *Plaintiff*,

    v.

THE HON. MARY E. PETERS,
SECRETARY OF TRANSPORTATION,

                *Defendant*.

**ANSWER**

08 Civ. 2435 (PKC)

---

       Defendant Mary E. Peters, Secretary of Transportation, by her attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully answers plaintiff's complaint on information and belief as follows:

       1.    The allegations in paragraph 1 of the complaint constitute plaintiff's characterization of this action, to which no response is required.  To the extent that a response is required, defendant denies the allegations.

       2.    Denies the allegations contained in paragraph 2 of the complaint, except admits that the Department of Transportation issued a final agency decision dated November 14, 2006

and respectfully refers the Court to that decision for a complete and accurate description of its contents. The allegations in the second sentence of paragraph 2 of the complaint constitute plaintiff's characterization of settlement discussions to which no response is required.

3. Paragraph 3 of the complaint sets forth plaintiff's allegations of jurisdiction and venue to which no response is required. To the extent that a response is required, defendant denies the allegations contained in this paragraph.

4. Admits the allegations contained in paragraph 4 of the complaint.

5. Admits the allegations contained in paragraph 5 of the complaint.

6. The allegations contained in paragraph 6 of the complaint constitute plaintiff's allegations regarding exhaustion of administrative remedies, to which no response is necessary. To the extent a response is required, defendant denies the allegations contained in this paragraph.

7. Denies the allegations contained in paragraph 7 of the complaint, except admits that plaintiff filed a formal administrative complaint of discrimination, numbered DOT 2005-18301-FAA-01, and respectfully refers the Court to that administrative complaint for a complete and accurate description of its contents.

8. Admits the allegations contained in the first sentence of paragraph 8 of the complaint. Denies the allegations contained in the second sentence of paragraph 8 of the complaint, except admits that the Department of Transportation issued a final agency decision and respectfully refers the Court to that decision for a complete and accurate description of its contents.

9. Admits the allegations contained in paragraph 9 of the complaint.

10. Denies the allegations contained in paragraph 10 of the complaint.

11. Denies the allegations in paragraph 11 as written, but avers that defendant denied plaintiff's application for employment, finding plaintiff not suitable for the position.

12. Denies the allegations contained in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint.

16. Denies the allegations contained in paragraph 16 of the complaint.

17. Denies the allegations contained in paragraph 17 of the complaint.

18. Denies the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. Denies the allegations contained in paragraph 23 of the complaint, except admits that the Department of Transportation issued a final agency decision and respectfully refers the Court to that decision for a complete and accurate description of its contents.

24. Denies the allegations contained in paragraph 24 of the complaint, except admits that plaintiff and the Department of Transportation did not reach an agreement in May 2007.

25. The allegations in paragraph 25 contain plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent that a response is required, defendant denies the allegations.

26. Repeats, reiterates, and reavers paragraphs 1 through 25 of this answer with the same force and effect as if set forth herein in full.

27. Admits the allegations contained in paragraph 27 of the complaint.

28. Admits the allegations contained in paragraph 28 of the complaint.

29. Admits the allegations contained in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. Denies the allegations contained in paragraph 31 of the complaint.

32. The allegations in paragraph 32 contain conclusions of law, to which no response is required. To the extent that a response is required, defendant denies the allegations.

33. Denies the allegations contained in paragraph 33 of the complaint.

34. Denies the allegations contained in paragraph 34 of the complaint.

35. The allegations in paragraph 35 contain conclusions of law, to which no response is required. To the extent that a response is required, defendant denies the allegations.

36. The allegations contained in paragraph 36 contain conclusions of law and demands for relief, to which no response is required. To the extent that a response is required, defendant denies the allegations.

37. The unnumbered paragraph beginning with the word "wherefore" and all paragraphs thereafter constitute plaintiff's demands for relief, to which no response is required. To the extent that a response is required, defendant denies the allegations.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

## THIRD DEFENSE

Plaintiff failed to timely exhaust all available administrative remedies.

## FOURTH DEFENSE

Defendant's actions toward plaintiff did not constitute prohibited discrimination on any basis.

## FIFTH DEFENSE

Actions taken by the defendant, her agents and her employees, were motivated by legitimate, non-discriminatory reasons, which were not pretextual.

## SIXTH DEFENSE

Plaintiff has failed to demonstrate his damages.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHTH DEFENSE

Punitive damages, sought by the plaintiff in paragraph (b) of the Request for Relief, are not available in employment discrimination actions against the United States or its agencies.

## NINTH DEFENSE

Plaintiff cannot seek compensatory damages in excess of the statutory cap set forth in 42 U.S.C. § 1981a.

WHEREFORE, defendant Mary E. Peters, Secretary of Transportation, demands judgment dismissing plaintiff's complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
April 15, 2008

>MICHAEL J. GARCIA
>United States Attorney for the
>Southern District of New York
>Attorney for Defendant United States of America

By: \_\_\_\_/s/ John D. Clopper_____
JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2716
Fax: (212) 637-0033

TO: Anne T. Sulton
Sulton Law Offices
P.O. Box 2763
Olympia, WA 98507
(360) 870-6000

*Counsel for Plaintiff*